IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00279-ZLW

CHERYL VASSALLO,

    Plaintiff,

v.

PUEBLO MINIMUM CTR. MEDICAL FACILITY NURSE PRACTITIONER JUDY SAIS,
MESABILITY, INCORPORATED d/b/a GRAND VALLEY TRANSIT,
MESA COUNTY COMMISSIONERS,
MESA COUNTY ATTORNEY,
RISK ENTERPRISE MANAGEMENT INSURANCE COMPANY (R.E.M.),
MESABILITY, INCORPORATED d/b/a GRAND VALLEY TRANSIT CORPORATE
    REGISTRAR,
DEAN TRANSPORTATION (DEPT. OF),
DAVE'S TRANSPORTATION,
DISCOVER R.E. 547,
COLORADO DEPARTMENT OF CORRECTION CLINICAL SERVICES, JUDY
    BEEMAN, Supervisor,
G.V.T. FEDERAL BUS DRIVER, MICK _____, #102 (17 + Passengers), C/O
    MESABILITY, INCORPORATED d/b/a GRAND VALLEY TRANSIT, and
MEDICAL MANAGEMENT, LLC,

    Defendants.

---

ORDER DENYING MOTIONS FOR RECONSIDERATION

---

This matter is before the Court on the documents titled "Motion for Reconsideration & Response to Minute Order & Amended Prisoner's Complaint," filed June 15, 2005, and "Motion for Change of Address and Current Motion for Reconsideration of an Amended Prisoner's Complaint with an Extension if Necessary," filed September 9, 2005. Plaintiff is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Colorado Women's Correctional Facility in Cañon City, Colorado. At the time the Complaint and action was

dismissed in the instant case Plaintiff was residing in a halfway house in Denver, Colorado.

On February 8, 2005, Ms. Vassallo submitted to the Court a Prisoner Complaint. Magistrate Judge O. Edward Schlatter directed Plaintiff to amend the Complaint, on March 29, in keeping with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff also was directed to assert personal participation by named defendants, to state if defendants had acted under color of state law, and to establish whether she had satisfied exhaustion requirements under the DOC grievance procedure.

On April 18, Plaintiff sought an extension of time to file an Amended Complaint. Magistrate Judge Schlatter granted the request for an extension of time and instructed Plaintiff that she had up to and including May 18 to file an Amended Complaint. Plaintiff, however, failed to communicate with the Court by the May 18 deadline. The Court dismissed the action for failure to prosecute. Since the Order and Judgment of Dismissal was entered by the Court Plaintiff has filed two Motions for Reconsideration and an Amended Complaint.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten

days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order and Judgment of Dismissal was entered on the docket on June 1, 2005. Plaintiff's first Motion for Reconsideration was filed June 15, 2005. Plaintiff filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion for reconsideration that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Ms. Vassallo fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Plaintiff concedes that the Amended Complaint was not mailed to the Court until May 19, 2005. She contends, however, that she was not able to mail the Amended Complaint prior to that date, because the copy machine was broken from May 15 until May 19. Nonetheless, even if the Court

were to consider Plaintiff's Amended Complaint, the action still would be dismissed, because Plaintiff failed to comply with Magistrate Judge Schlatter's March 29 Order.

In the Amended Complaint, Plaintiff names three Defendants, Nurse Practitioner Judy Sais, Mesability Incorporated d/b/a Grand Valley Transit, and Judy Beeman. Although Ms. Vassallo asserts that she was denied medical treatment at the Pueblo Minimum Center, she fails to assert personal participation by Defendants Sais and Beeman, as she was directed to do in the March 29 Order. She also fails to satisfy the burden of pleading exhaustion of administrative remedies, as set forth in **Steele v. Fed. Bureau of Prisons**, 335 F.3d 1204, 1210 (10th Cir. 2003). Furthermore in the Amended Complaint, Plaintiff concedes that as of May 15, 2005, she has been receiving the medical treatment that she requires.

With respect to Defendant Mesability Incorporated, Plaintiff not only fails to assert personal participation by Defendant, she also fails to assert, as she was directed to do in the March 29 Order, that Defendant Mesability Incorporated was acting under color of state law.

The Court further notes that Plaintiff requests to be released on parole. The request for release is inappropriate in a 42 U.S.C. § 1983 complaint. To the extent that Plaintiff is attempting to seek injunctive relief for wrongful imprisonment her sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Therefore, the Motions for Reconsideration will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration & Response to Minute Order & Amended Prisoner's Complaint," filed June 15, 2005, and the "Motion for Change of Address and Current Motion for Reconsideration of an Amended Prisoner's Complaint with an Extension if Necessary," filed September 9, 2005, are construed liberally as filed pursuant to Fed. R. Civ. P. 59(e) and are denied.

DATED at Denver, Colorado, this __28__ day of __Sept.__, 2005.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-000279-OES

Cheryl Vassallo
P.O. Box 500
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9-29-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk